UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| TERRY L. LANGFORD, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 18-193 (RCL) |
| WARDEN LENNARD JOHNSON *et al.*, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has sued Warden Lennard Johnson of the District of Columbia Department of Correction's Central Treatment Facility ("CTF") and two CTF employees, Property Officer Rhonda Williams and Jail Transportation Officer Samuel Wells, under 42 U.S.C. § 1983. He alleges that "each of the named defendants" violated his constitutional rights. Compl. at 1, ECF No. 1. Pending is the Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), ECF No. 20. Plaintiff has filed an Opposition, ECF No. 23, and defendants have filed a Reply, ECF No. 24. For the following reasons, the Court will grant defendants' motion and dismiss the case.

## I. BACKGROUND

Plaintiff is incarcerated at the Federal Correctional Institution in Butner, North Carolina ("FCI Butner"). He alleges that from July 2016 to October 2017, he "was a federal pre-trial detainee out of the United States District Court for Maryland confined to CTF." Compl. at 1-2. Plaintiff was convicted in August 2017 and sentenced to "a federal prison [term] of 120 months (10 yrs)." *Id*. at 2. In October 2017, plaintiff "was transferred from the custody of the D.C.

Department of Corrections to the custody of the United States Marshal." Pl.'s More Definite Statement (hereafter "Am. Compl."), ECF No. 19.

Before the transfer, plaintiff "inquire[d] of [his] then DOC case manager" about the handling of his personal property, which "consisted of court transcripts, motions, court orders, legal correspondence between counsel and client, personal documents and letters, photos, and misc. papers." Am. Compl. at 1-2. Plaintiff's case manager was "unable to provide . . . a definitive answer [but] e-mailed other DOC staff who never replied." *Id*. at 1. Plaintiff posits that "[i]t is defendant Johnson['s] policy as the Warden of the D.C. Jail and the CTF to retain" an inmate's personal property "in storage temporarily, dispose of [it] as abandoned[,] or mail [it] as the inmate request[s] upon transfer[.]" *Id*.

On the day of plaintiff's transfer from the District's custody, Wells "informed [plaintiff] that none of [his] personal property could be transported with [him]." Am. Compl. at 2. Wells instructed plaintiff (1) to "fill out the paper he provided . . . to include the complete mailing address of the person" to whom his property should be sent, and (2) "to place and secure [his] personal property with the mailing label affixed to it in the private office of defendant Williams who is the CTF . . . supervisor responsible for the keep, storage, disposal and mailing of inmates' personal property." *Id*. Plaintiff left "instructions" for defendants to mail the property to his attorney, Allen Orenberg, but he learned in December 2017 that Orenberg "never" received the property. *Id*. In March 2018, while detained again at CTF on a writ, plaintiff communicated with Wells, Williams, and Johnson "about the whereabouts of [his] personal property" and "learned from defendant Williams that [his] personal property that was left behind . . . was unlocatable and most likely disposed of." Am. Compl. at 3.

Meanwhile, plaintiff filed this civil action on January 29, 2018, from FCI Butner. He claims that he left his missing personal property "as instructed and by policy . . . to the care and custody of defendant Johnson, defendant Wells and defendant Williams." Am. Compl. at 2. Plaintiff seeks declaratory relief "in regards to the care of, return of, damage or destruction" of his personal property and monetary damages. Am. Compl. at 3.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Wood v. Moss*, 572 U.S. 744, 757 (2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although "detailed factual allegations" are not required, a plaintiff must provide "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A complaint alleging "facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). The court "need not . . . 'accept inferences drawn by [a] plaintiff[ ] if such inferences are unsupported by the facts set out in the complaint.'" *Nurriddin v. Bolden*, 818 F.3d 751, 756 (D.C. Cir. 2016) (alteration in original) (quoting *Kowal v. MCI Commc'ns Corp*., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). And the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In considering a motion to dismiss for failure to plead a claim on which relief can be granted, the court must consider the complaint in its entirety, accepting all factual allegations in

the complaint as true, even if doubtful in fact, and construe all reasonable inferences in favor of the plaintiff. *Twombly*, 550 U.S. at 555; *Nurriddin*, 818 F.3d at 756. The court may also consider "documents attached to or incorporated by reference in the complaint, and matters subject to judicial notice." *Ruffin v. Gray*, 443 Fed. App'x. 562, 563 (D.C. Cir. 2011) (per curiam) (internal quotation marks omitted). A *pro se* pleading is held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 521 (1971), and the factual allegations of a *pro se* litigant, whether contained in the complaint or other filings in the matter, should be read together in considering whether to grant a motion to dismiss, *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999). Still, a "*pro se* complaint, like any other, must present a claim upon which relief can be granted by the court." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981).

## III. DISCUSSION

Plaintiff has sued each defendant under 42 U.S.C. § 1983, which authorizes a cause of action against any "person" who, while acting under color of the law of a State, Territory or the District of Columbia, deprives another of a right secured by the Constitution or federal law. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Ekwem v. Fenty*, 666 F. Supp. 2d 71, 76 (D.D.C. 2009), quoting *Int'l Action Center v. United States*, 365 F.3d 20, 27 (D.C. Cir. 2004) (to maintain a claim under § 1983, the allegations must establish that the defendant "was directly responsible for the constitutional deprivation" or "gave 'authorization or approval of such misconduct'").

Defendants contend that plaintiff has pled no facts to support a § 1983 claim and that they "are therefore entitled to qualified immunity." Defs.' Mot. at 1. To state a claim under § 1983,

plaintiff must allege sufficient facts showing (1) that "the conduct complained of was committed by a person acting under color of state law," and (2) that the conduct deprived him "of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). The allegations sufficiently establish actions taken by the defendants as employees of the District of Columbia. The Fifth Amendment to the U.S. Constitution proscribes the deprivation of life, liberty or property without due process of law. Therefore, the remaining question is whether defendants unconstitutionally deprived plaintiff of his property. For the reasons explained next, the answer is no.

In *Daniels v. Williams*, the Supreme Court held unequivocally that to state a claim under the Constitution, a plaintiff must allege that the deprivation arose "from *deliberate* decisions of government officials." 474 U.S. 327, 330-31 (1986) (overruling *Paratt* "to the extent that it states that mere lack of due care by a state official may 'deprive' an individual of life, liberty, or property under the Fourteenth Amendment").[1] The Court stressed "that the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Id*. at 328

Plaintiff has not alleged that Warden Johnson was personally involved in the deprivation of his property, which alone compels dismissal of the complaint against this defendant. *See Ekwem,* 666 F. Supp. 2d at 76 (noting that when "a complaint against an official in his individual capacity does not establish the official's personal involvement in the alleged wrongdoing, judgment as a matter of law is appropriate") (internal quotation marks, alteration, and citation omitted)).

---

[1] Although the District of Columbia "is subject to the restrictions of the Fifth Amendment, not the Fourteenth," the "procedural due process components of the two Amendments are the same." *Propert v. District of Columbia*, 948 F.2d 1327, 1330 (D.C. Cir. 1991) (citing *Bolling v. Sharpe*, 347 U.S. 497, 499(1954)).

As for defendants Wells and Williams, plaintiff seeks to hold them liable based on his interaction with each when he returned to CTF in March 2018 and inquired about the property he had left behind. Plaintiff avers that Wells "confirmed" that "the last time he saw" plaintiff's property "was when he had secured it in Defendant Williams' private office and to [Wells'] knowledge she got it." Pl.'s Ex. A, Sworn Affidavit of Plaintiff Terry Langford ("Pl.'s Aff.") ¶ 8, ECF No. 23 at 8-9. Plaintiff avers that Williams "confirmed" that his property "which was left behind in her private office during [his] transfer coul[d] not be located anywhere, and most likely it was disposed of," pursuant to policy no less. *Id*. ¶ 10.; *see* Def.'s Reply at 4 and Attach. A (DOC's Policy and Procedure governing Inmate Property), ECF No. 24. Such facts simply fail to establish deliberate misconduct to sustain a claim under § 1983.

Given the foregoing finding, the Court need not "enquire further into the merits of . . . the asserted defense of qualified immunity." *Wilkie v. Robbins*, 551 U.S. 537, 567 (2007). It concludes nonetheless that the defendants are entitled to qualified immunity since the allegations fail to show their violation of a "clearly established statutory or constitutional right." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see Johnson v. Williams*, 584 F. Supp. 2d 97, 101 (D.D.C. 2008) (noting that the first step of the qualified immunity inquiry asks: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?") (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted. A separate order accompanies this Memorandum Opinion.

_____s/_____
ROYCE C. LAMBERTH
Date: January 9, 2020  United States District Judge